IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| **MATTHEW SHAWN MCVEIGH,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | )   Civil Action No.  3:05-cv-1037-F |
| | ) |
| **SHERIFF JAY JONES, et al.,** | ) |
| | ) |
|     **Defendants.** | ) |

## SPECIAL REPORT

COME NOW Sheriff Jay Jones, Major Cary Torbert, Jr., Lieutenant Ray Roberson, and Corrections Officer Gwendolyn Crawl, Defendants in the above-styled cause, and submit their Special Report to the Court as follows:

### INTRODUCTION

Plaintiff in this action, Matthew Shawn McVeigh, hereinafter "Plaintiff" or "McVeigh," filed a Complaint in the United States District Court for the Middle District of Alabama, Eastern Division, on or about October 28, 2005.  This Court entered an Order on November 2, 2005, instructing the Defendants to file a Special Report addressing Plaintiff's claims.  The Court, having granted Defendants' Motion for Extension of Time for filing the Special Report and Answer, ordered the same to be filed on or before January 11, 2006.

During the time period relevant to the Plaintiff's Complaint, he was incarcerated at the Lee County Detention Facility on charges of Burglary in the First Degree and Menacing. (Plaintiff's Complaint, p. 2; Exhibit A, Inmate File of Matthew Shawn McVeigh[1], "Inmate File," Advice of Rights dated July 8, 2005.)

---

[1] See Exhibit C, Affidavit of Major Cary Torbert, Jr., ¶ 11, for authentication of inmate file.

**PLAINTIFF'S ALLEGATIONS**

Plaintiff's allegations are that his food was cold because the food cart is missing a plug, that his cup and spoon are not sanitized, and that the food trays are peeling and "holey." (Plaintiff's Complaint, pp. 2-3.)

**DEFENDANTS' RESPONSE TO PLAINTIFF'S ALLEGATIONS**

Defendants deny the allegations made against them by Plaintiff as being untrue and completely without basis in law or fact. Defendants state affirmatively that they neither acted, nor caused anyone to act, in such a manner as to deprive the Plaintiff of any right to which he was entitled. (Exhibit B, Affidavit of Sheriff Jay Jones[2], "Jones aff.," ¶ 3; Exhibit C, Affidavit of Major Cary Torbert, Jr.[3], "Torbert aff.," ¶ 3; Exhibit D, Affidavit of Lieutenant Ray Roberson[4], "Roberson aff.," ¶ 3; Exhibit E, Affidavit of Officer Gwendolyn Crawl[5], "Crawl aff.," ¶ 3.) Defendants raise the defenses of Eleventh Amendment immunity, qualified immunity, Plaintiff's failure to comply with the Prison Litigation Reform Act and additional defenses presented below. Defendants reserve the right to add additional defenses if any further pleading is required or allowed by the Court.

**I.     FACTS**

Menus for the inmates at the Lee County Detention Facility are written out each month based on an original pre-approved menu. Major Torbert takes the menu to the Auburn

---

[2] Jay Jones is the duly elected Sheriff of Lee County, Alabama, and has served in such capacity since 1999. (Ex. B, Jones aff., ¶ 1.)
[3] Cary Torbert, Jr., serves as Chief Deputy of Corrections of the Lee County Detention Facility and has obtained the rank of Major. He has worked with the Lee County Sheriff's Department for over 34 years. (Ex. C, Torbert aff., ¶ 1.)
[4] Ray Roberson is employed with the Lee County Sheriff's Department and serves as Assistant Jail Administrator at the Lee County Detention Facility. He has worked in the Lee County Detention Facility for twenty-three years and has obtained the rank of lieutenant. (Ex. D, Roberson aff.,, ¶ 1.)
[5] Gwendolyn Crawl has been employed with the Lee County Detention Facility for over fifteen-years as a Correctional Officer. For the past four years she has served as the corrections officer in charge of the kitchen. Her duties include overseeing the kitchen trustee workers, the preparation of menus, overseeing the preparation of meals and serving of meals to the inmates and making out supply orders. (Ex. E, Crawl aff., ¶ 1.)

University Extension Office for review by a certified dietitian. The dietitian makes any necessary revisions to the menu, which Major Torbert then adopts, and approves the menu as meeting all nutritional requirements. This dietitian-approved menu is the basis for all meals which have been served to inmates in the Lee County Detention Facility over the past two years. (Ex. C, Torbert aff., ¶ 4; Ex. D, Roberson aff., ¶ 4; Ex. E, Crawl aff., ¶ 4.) The menus for the Lee County Detention Facility for the months of which Plaintiff complains - July, August, and September 2005 – are attached as Exhibit F of the Defendants Special Report.

Inmates receive ample amounts of dairy products, proteins and vegetables. Water is served to the inmates daily; also, inmates receive non-fat milk and fruit drinks several times a week. Further, healthy portions are served at each meal. With regard to fruit, every Sunday the inmates receive an orange or an apple. Additionally, two times each week inmates are served peaches, pears, apples or baked apples with a meal. (Ex. C, Torbert aff., ¶ 5; Ex. D, Roberson aff., ¶ 5; Ex. E, Crawl aff., ¶ 5.)

The food cart for the wing in which the Plaintiff was housed had a plug missing for one day. However, the plug was fixed before the next day. On the day that the plug was missing, the food was served to the inmates in Plaintiff's wing straight from the kitchen. There was no delay between the food being picked up from the kitchen and the inmates being served. Jail officers began serving the food immediately when the food was prepared. There was a maximum two to three minute walk from the kitchen to the wing where the Plaintiff was housed. (Ex. C, Torbert aff., ¶ 6; Ex. D, Roberson aff., ¶ 6; Ex. E, Crawl aff., ¶ 6.)

When inmates arrive at the jail, they are issued a cup and spoon. The inmates are responsible for washing their cup and spoon themselves. The inmates have access to soap and hot water for this purpose. (Ex. C, Torbert aff., ¶ 7; Ex. D, Roberson aff., ¶ 7; Ex. E, Crawl aff., ¶ 7.) Food trays are washed and sanitized after each use. The Lee County Detention

Facility has a commercial dishwasher for this purpose. (Ex. C, Torbert aff., ¶ 8; Ex. D, Roberson aff., ¶ 8; Ex. E, Crawl aff., ¶ 8.) Any tray that is peeling or has holes is no longer used to serve inmates. (Ex. C, Torbert aff., ¶ 9; Ex. D, Roberson aff., ¶ 9; Ex. E, Crawl aff., ¶ 9.)

Internal grievance procedures at the Lee County Detention Facility are available to all inmates. It is the policy of the Lee County Sheriff's Department that inmates are permitted to submit grievances and that each grievance will be acted upon. The inmates are given an Inmate Grievance Form to complete and return to a Lee County Detention Facility staff member for any grievances they may have. At no time, however, did the Plaintiff file any grievances concerning any of the claims made in his Complaint. Had such a grievance been filed, it would have been acted upon accordingly, (that is, whether an investigation was needed or simply a response made to the complaints). Further, Major Torbert never received any written request form from the Plaintiff concerning any of these matters. Had the Plaintiff made a request concerning these matters there also would have been a response made to such complaints on the written request form. No such request can be found in the Plaintiff's inmate file. (Ex. C, Torbert aff., ¶ 10.)

**II.    LAW**

    **A.    Any claim by Plaintiff against Defendants in their official capacities must fail based on Eleventh Amendment immunity and because they are not "persons" under 42 U.S.C.A. § 1983.**

Plaintiff's claims against Defendants in their official capacity are due to be dismissed for lack of subject matter jurisdiction; as such claims are barred by the Eleventh Amendment to the United States Constitution. Parker v. Williams, 862 F.2d 1471, 1476 (11th Cir. 1989) (holding a sheriff sued in his official capacity is entitled to Eleventh Amendment immunity); Free v.

4

Granger, 887 F.2d 1552, 1557 (11th Cir. 1989) (holding that a sheriff sued in his official capacity is entitled to Eleventh Amendment immunity).

In addition, the official capacities claims must fail because 42 U.S.C. § 1983 prohibits a <u>person</u>, acting under color of law, from depriving another of his rights secured by the United States Constitution. 42 U.S.C. § 1983 (emphasis added). The United States Supreme Court has held that state officials, in their official capacities, are not "persons" under § 1983. <u>Will v. Michigan Dep't of State Police</u>, 491 U.S. 58, 71 (1989). Any claim against the Defendants in their official capacities should therefore be dismissed because they are not "persons" under § 1983 and therefore claims against Defendants in their official capacities fail to state a claim upon which relief can be granted. <u>Id.</u>; <u>Carr v. City of Florence, Ala.</u>, 916 F.2d 1521, 1525 n.3 (11th Cir. 1990).

> **B.      Plaintiff's failure to comply with the Prison Litigation Reform Act bars the Complaint.**
>
> **1.      Plaintiff has failed to exhaust all Administrative Remedies.**

Under the Prison Litigation Reform Act ("PLRA"), an inmate is required to exhaust all administrative remedies before instituting an action under 42 U.S.C. § 1983. 42 U.S.C. § 1997e(a). The Plaintiff in this case has not utilized two separate and distinct administrative remedies available to him. First, the Plaintiff has not exhausted the grievance procedures provided at the Lee County Detention Facility. Secondly, he has not alleged that he pursued any grievance through the State Board of Adjustment. <u>See</u> <u>Brown v. Tombs</u>, 139 F.3d 1102, 1103-04 (6th Cir. 1998) (requiring prisoners to affirmatively show that they have exhausted administrative remedies).

Internal grievance procedures at the Lee County Detention Facility are available to all inmates. It is the policy of the Lee County Sheriff's Department that inmates are permitted to

submit grievances and that each grievance will be acted upon. Inmates are given an Inmate Grievance Form to complete and return to a Lee County Detention Facility staff member for any grievances they may have. No such grievance was filed by the Plaintiff as there is not a grievance form in his jail file concerning the claims made the basis of this Complaint.

In addition to the grievance procedure at the local level, Alabama law provides the opportunity to file a claim and proceed before the State of Alabama Board of Adjustment pursuant to Ala. Code § 41-9-60. The Sheriff of Lee County is a state officer and therefore would be entitled to sovereign immunity. See Lancaster v. Monroe County, Ala., 116 F.3d 1419, 1429 (11th Cir. 1998). Due to this immunity, the State of Alabama has provided an administrative remedy for the recovery of money damages through the State of Alabama Board of Adjustment. As a result of Plaintiff's failure to exhaust these two remedies, he is barred from bringing this action under § 1997e(a). See Alexander v. Hawk, 159 F.3d 1321, 1326-27 (11th Cir. 1998) (affirming dismissal of prison action due to failure to exhaust administrative remedies)[6].

---

[6] See Terry Shane Williams v. Cecil Reed, et al., United States District Court for the Northern District of Alabama, Middle Division, No. CV-99-BU-2938-M, slip op. at 3-4 (N.D. Ala. August 15, 2000) (adopted by district judge September 21, 2000) (dismissed the plaintiff's claims without prejudice for his failure to exhaust his administrative remedies at the DeKalb County Jail); Richard Dale Woodham v. Bill Lands, United States District Court for the Northern District of Alabama, Middle Division, No. CV-00-AR-0170-M, slip op. at 4-5 (N.D. Ala. November 7, 2000) (adopted by district judge December 4, 2000) (dismissed the plaintiff's claims without prejudice for his failure to exhaust his administrative remedies at the DeKalb County Jail); Quinton M. Johnson v. Sgt. Robinson, et al., United States District Court for the Middle District of Alabama, Eastern Division, No. CV-00-D-616-E, slip op. at 3-5 (M.D. Ala. January 12, 2001) (adopted by district judge January 31, 2001) (dismissing the plaintiff's claims without prejudice for his failure to exhaust his administrative remedies with the State of Alabama Board of Adjustment); David Wilson Bell, Sr. v. Tina Riley, et al., United States District Court for the Middle District of Alabama, Eastern Division, No. CV-00-D-731-E, slip op. at 4-5 (M.D. Ala. February 21, 2001) (adopted by district judge March 20, 2001) (dismissing the plaintiff's claims without prejudice for his failure to exhaust his administrative remedies with the State of Alabama Board of Adjustment); Mitchell Lee Hicks v. Jack Day, et al., Circuit Court of Clarke County, Alabama, No. CV-00-280M, slip op. 1-3 (March 21, 2001) (dismissed the plaintiff's claims without prejudice for his failure to exhaust his administrative remedies with the State of Alabama Board of Adjustment); But see, Garner v. Weeks, No. 00-14582 (11th Cir. April 10, 2001).

> **2.  Plaintiff's claims are barred by the Prison Litigation Reform Act because he has not suffered any physical injury as a result of the allegations in his Complaint.**

42 U.S.C. § 1997e(e) of the Prison Litigation Reform Act requires that a plaintiff demonstrate that he suffered physical injury before instituting a complaint based upon jail conditions. The PLRA states the following concerning physical injury:

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury. 42 U.S.C. § 1997e(e).

The Eleventh Circuit has determined that the physical injury requirement of § 1997e(e) requires that a plaintiff demonstrate a physical injury that is more than *de minimis* although the injuries do not have to be significant. Harris v. Garner, 190 F.3d 1279, 1286 (11th Cir.), vacated, 197 F.3d (11th Cir. 1999), reinstated in relevant part, Harris v. Garner, 216 F.3d 970 (11th Cir. 2000) (en banc). In the present action, Plaintiff suffered <u>no</u> physical injury as a result of the allegation described in his Complaint and even admitted that his Complaint was for a "mental thing." See Plaintiff's Complaint. As a result, the case is due to be dismissed pursuant to 42 U.S.C § 1997e(e).

**C.  DEFENDANTS, IN THEIR INDIVIDUAL CAPACITIES ARE ENTITLED TO QUALIFIED IMMUNITY**

Defendants were acting within their discretionary authority as jail officials of Lee County during all times relevant to Plaintiff's Complaint because all their actions were taken in the furtherance of their duties. See, e.g. Holloman ex rel. Holloman v. Harland, 370 F.3d 1252 (11th Cir. 2004). Once a defendant has asserted the defense of qualified immunity and shown that he was acting within his discretionary authority, the threshold inquiry a court must undertake is whether the plaintiff's allegations, if true, establish a constitutional violation. Saucier v. Katz, 533 U.S. 194, 201 (2001). This initial inquiry is whether "[t]aken in the light most favorable to

the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?" Id. (citing Siegert v. Gilley, 500 U.S. 226, 232 (1991)). The second inquiry is, if a constitutional violation is stated, were these rights "clearly established" to the degree that these Defendants had "fair warning" that their conduct violated the Plaintiff's constitutional rights? Willingham v. Loughnan, 321 F.3d 1299, 1301 (11th Cir. 2003).

In making an assessment of whether the particular conduct of Defendants was clearly established as being violative of constitutional dictates, the reviewing court must examine the state of law at the time the alleged deprivation occurred. See Rodgers v. Horsley, 39 F.3d 308, 311 (11th Cir. 1994). A constitutional right is clearly established only if its contours are "sufficiently clear that a reasonable official would understand that what he is doing violates that right." Anderson v. Creighton, 483 U.S. 635, 640 (1987); Lancaster, 116 F.3d at 1424. "In this circuit, the law can be 'clearly established' for qualified immunity purposes only by decisions of the U.S. Supreme Court, Eleventh Circuit Court of Appeals, or the highest court of the state where the case arose." Jenkins v. Talladega Board of Education, 115 F.3d 821, 827 (11th Cir. 1997) (en banc) (citations omitted).

Assuming, *arguendo*, that the Plaintiff could demonstrate a constitutional violation, he must still show that clearly established law provided the Defendants with fair warning that their conduct was unlawful. He may do so by either (1) pointing to a case with materially similar facts holding that the conduct engaged in was illegal; or (2) demonstrating that a pertinent federal statute or federal constitutional provision are specific enough to demonstrate conduct was illegal, even in the total absence of case law. Storck v. City of Coral Springs, 354 F.3d 1307, 1317 (11th Cir. 2003) (citations omitted). The Eleventh Circuit has identified the latter method as an "obvious clarity" case. Vinyard v. Wilson, 311 F.3d 1340, 1350 (11th Cir. 2002) (footnote omitted). In order to show that the conduct of the Defendants was unconstitutional with "obvious clarity," "the

8

unlawfulness must have been apparent." Willingham, 321 F.3d at 1301. "Unless a government agent's act is so obviously wrong, in the light of pre-existing law, that only a plainly incompetent officer or one who was knowingly violating the law would have done such a thing, the government actor has immunity from suit." Storck, 354 F.3d at 1318 (quoting 28 F.3d at 1149).

In order to establish a conditions of confinement claim Plaintiff "must prove three elements: (1) a condition of confinement that inflicted unnecessary pain or suffering [constituting cruel and unusual punishment], (2) the defendant[s'] 'deliberate indifference' to that condition, and (3) causation." Rhodes v. Chapman, 452 U.S. 337, 347, 101 S. Ct. 2392, 2399, 69 L.Ed.2d 59 (1981) (first element); Wilson v. Seiter, [502] U.S. [294, 303], 111 S. Ct. 2321, 2327, 115 L.Ed.2d 271 (1991) (second element); Williams v. Bennett, 689 F.2d 1389-90 (11th Cir. 1982) (third element). Whether a particular condition of confinement constitutes cruel and unusual punishment is an objective inquiry; whether jail officials were deliberately indifferent to that condition is a subjective inquiry. See Wilson v. Seiter, 502 U.S. at 290.

In terms of the subjective component, "[t]o be deliberately indifferent, a [jail] official must knowingly or recklessly disregard an inmate's basic needs." LaMarca v. Turner, 995 F.2d at 1535. "[A] plaintiff must prove that the official possessed knowledge both of the infirm condition and of the means to cure that condition, 'so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it.'" Id. (quoting Duckworth v. Franzen, 780 F.2d 645, 653 (7th Cir. 1985), cert. denied, 479 U.S. 816 (1986). There must be evidence that the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 114 S. Ct. 1970, 1979 (1994). The Court equates the level of culpable intent required to the standard employed in the context of *criminal* recklessness prosecutions. Id. at

9

1979-80.  No liability can be attributed to "an official's failure to alleviate a significant risk which he should have perceived but did not." Cottrell v. Caldwell, 85 F.3d 1480, 1491 (11th Cir. 1996).  Where jail officials attempt to remedy constitutional short-comings but fail to do so, the official cannot be found to have been "deliberately indifferent" unless the official knew of but disregarded appropriate effective alternatives.  LaMarca, 995 F.2d at 1536.

Plaintiff cannot show that Defendants have been deliberately indifferent with regard to the conditions of confinement at the Lee County Detention Facility.  Plaintiff has failed to allege or offer any evidence sufficient to sustain a claim that any actions of the Defendants constituted cruel and unusual punishment.  In this case, none of the conditions of which Plaintiff complaints constitutes an excessive risk to his health or safety.  Plaintiff has not shown how he has been injured as a result of any of his allegations.  Furthermore, the Plaintiff has not presented sufficient evidence to show that any impairment to his physical or mental condition actually resulted from the aforementioned environment.  Finally, Plaintiff never filed a written request form or grievance concerning his allegations, and there is no other evidence showing that the Defendants knew of or disregarded any alleged risk.  Based on the foregoing, it is clear that the Defendants did not violate Plaintiff's constitutional rights.  Further, Plaintiff cannot show that clearly established law provided the Defendants with fair warning that their conduct was unlawful.  Therefore, the Defendants are entitled to qualified immunity.

> **D.    PLAINTIFF HAS FAILED TO SHOW A CAUSAL CONNECTION BETWEEN THE ACTIONS OF THE DEFENDANTS AND ANY ALLEGED CONSTITUTIONAL VIOLATION**

The language of 42 U.S.C. § 1983 requires proof of an affirmative causal connection between the actions taken by the defendants and the constitutional deprivation.  Swint v. City of Wadley, 51 F. 3d 988 (11th Cir. 1995).  The requisite causal connection may be shown by the personal participation of the defendant, a policy established by the defendant resulting in

indifference to constitutional rights or a breach of a duty imposed state of local law which results in constitutional injury. <u>Zatler v. Wainwright</u>, 802 F. 2d 397 (11th Cir. 1986).

The Plaintiff has failed to allege that the Defendants were in any way personally involved in any alleged violation of Plaintiff's constitutional rights concerning any of the conditions of his confinement. Plaintiff has offered no allegation demonstrating that the Defendants were in any way involved in the actions he claims were constitutionally infirm. The Plaintiff does not allege what actions each of the Defendants allegedly took that constituted a constitutional violation. There are absolutely no facts – in fact, the Complaint is completely devoid of any allegation to show that these Defendants personally participated in the claims made the basis of the Plaintiff's Complaint, nor does the Plaintiff allege specifically how these Defendants violated his constitutional rights. As such, Plaintiff's claims are due to be dismissed against these Defendants.

To the extent that Plaintiff's claim against Sheriff Jones, Major Torbert, or Lieutenant Roberson is an attempt to hold them liable under a *respondeat superior* theory, his claims must similarly fail.

> [Supervisory] liability under § 1983 must be based on something more than a theory of *respondeat superior*. Supervisory liability occurs either when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between actions and the supervising official and the alleged constitutional violation. The causal connection can be established when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged depravation, and he fails to do so.

<u>Dolihite v. Maughon</u>, 74 F.3d 1027, 1052 (11th Cir. 1996). There are absolutely no facts that show a causal connection between any action of the Defendants and the alleged constitutional violation. Therefore, Plaintiff's claims are due to be dismissed.

## CONCLUSION

The Defendants deny each and every allegation made by Plaintiff Matthew Shawn McVeigh in the Complaint. Defendants have not acted in a manner so as to deprive Plaintiff of any right to which he is entitled.

## MOTION FOR SUMMARY JUDGMENT

The Defendants respectfully request that this Honorable Court treat their Special Report as a motion for summary judgment, and grant unto them the same.

Respectfully submitted this 11th day of January, 2006.

> s/Amanda Kay Morgan
> KELLY GALLOPS DAVIDSON Bar No. DAV123
> ASHLEY HAWKINS FREEMAN Bar No. FRE044
> AMANDA KAY MORGAN Bar No. ALL079
> Attorneys for Defendants
> WEBB & ELEY, P.C.
> 7475 Halcyon Pointe Drive (36117)
> Post Office Box 240909
> Montgomery, Alabama 36124
> Telephone: (334) 262-1850
> Fax: (334) 262-1889
> E-mail: amorgan@webbeley.com

## CERTIFICATE OF SERVICE

I hereby certify that on this the 11th day of January, 2006, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and that I have mailed a true and correct copy of the foregoing by United States Mail, postage prepaid, to the following non-CM/ECF participant:

> Matthew Shawn McVeigh
> Lee County Detention Center
> PO Box 2407
> Opelika, AL 36804

> s/Amanda Kay Morgan
> OF COUNSEL