IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| **MATTHEW SHAWN MCVEIGH,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | )    **Civil Action No. 3:05-cv-1037-F** |
| | ) |
| **SHERIFF JAY JONES, et al.,** | ) |
| | ) |
|     **Defendants.** | ) |

## DEFENDANTS' MOTION TO STRIKE

COME NOW Sheriff Jay Jones, Major Cary Torbert, Jr., Lieutenant Ray Roberson, and Corrections Officer Gwendolyn Crawl, Defendants in the above-styled cause, and move this Court to strike the documents submitted by the Plaintiff in response to Defendants' Special Report. In support of their motion, the Defendants state the following:

The documents submitted by the Plaintiff which purport to be affidavits do not meet the requirements for a valid affidavit under Fed. R. Civ. P. 56 or declaration under 28 U.S.C. § 1746. Furthermore, the Plaintiff's submissions do not comply with this Court's Order. In its Order dated January 13, 2006, this Court stated: "[I]n filing a response to the defendants' report the plaintiff should not rely only on his or her unsworn pleadings but should respond by filing sworn affidavits, or other evidentiary materials." This Court further stated: "An affidavit is a sworn statement in writing made under oath or on affirmation *before a notary public or other authorized officer.*" (emphasis added). The documents which purport to be affidavits do not bear the seal of a notary public or other authorized officer. Therefore, these documents are not valid affidavits. 28 U.S.C. § 1746 allows unsworn declarations to be used, "with like force and effect," as affidavits and other sworn testimony "wherever . . . any matter is required or

permitted to be supported, evidenced, established or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit . . . ." 28 U.S.C. § 1746. To be a valid declaration under 28 U.S.C. § 1746, the declarant must certify, under penalty of perjury, that the statements contained therein are true and correct. 28 U.S.C. § 1746 (1) and (2). The purported affidavits are not signed subject to penalty of perjury. Therefore, they are not valid declarations under 28 U.S.C. § 1746.

Because the documents submitted by the Plaintiff are not valid either as affidavits or declarations and because the Plaintiff has failed to comply with the Order of this Court, these documents are due to be stricken from consideration by this Court.

Respectfully submitted this 17th day of February, 2006.

>**s/Amanda Kay Morgan**
>KELLY GALLOPS DAVIDSON Bar No. DAV123
>ASHLEY H. FREEMAN Bar No. FRE044
>AMANDA KAY MORGAN Bar No. ALL079
>Attorneys for Defendants
>WEBB & ELEY, P.C.
>7475 Halcyon Pointe Drive (36117)
>Post Office Box 240909
>Montgomery, Alabama 36124
>Telephone: (334) 262-1850
>Fax: (334) 262-1889
>E-mail: aallred@webbeley.com

**CERTIFICATE OF SERVICE**

 I hereby certify that on this the 17th day of February, 2006, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and that I have mailed a true and correct copy of the foregoing by United States Mail, postage prepaid, to the following non-CM/ECF participant:

  Matthew Shawn McVeigh
  Lee County Detention Center
  PO Box 2407
  Opelika, AL 36804

      **s/Amanda Kay Morgan**
      OF COUNSEL