IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| **MATTHEW SHAWN MCVEIGH,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Civil Action No.  3:05-cv-1037-F |
| | ) |
| **SHERIFF JAY JONES, et al.,** | ) |
| | ) |
| Defendants. | ) |

### DEFENDANTS' REPLY TO THE PLAINTIFF'S RESPONSE TO DEFENDANTS' SPECIAL REPORT

COME NOW Sheriff Jay Jones, Major Cary Torbert, Jr., Lieutenant Ray Roberson, and Corrections Officer Gwendolyn Crawl, Defendants in the above-styled cause, and submit their Reply to the Plaintiff's Response to their Special Report and state as follows:

**I.    PLAINTIFF HAS FAILED TO COMPLY WITH THIS COURT'S ORDERS.**

On January 13, 2006, this Court entered an Order stating:  "[I]n filing a response to the defendants' report the plaintiff should not rely only on his or her unsworn pleadings but should respond by filing sworn affidavits, or other evidentiary materials."

Despite this Court's Order, the Plaintiff has failed in his Response to submit valid affidavits, declarations, or other evidentiary materials.[1]  Therefore, the evidence as presented by the Defendants should be accepted as undisputed.  Defendants have shown that their food service is more than constitutionally adequate.  Thus, the Defendants are entitled to summary judgment on all the Plaintiff's claims.

---

[1] See Defendants' Motion to Strike, filed simultaneously herewith.

1

## II. PLAINTIFF HAS FAILED TO EXHAUST AVAILABLE ADMINISTRATIVE REMEDIES.

Plaintiff argues that he was never given a rule book showing how to file a grievance. However, all inmates are provided access to a Lee County Detention Center Inmate Handbook. A copy of this handbook is placed in each cellblock for inmates to review whenever they wish. The following is an excerpt from that handbook:

### SECTION 16: GRIEVANCES

16.1    If you have a grievance, you can report it on an Inmate Request form. Only one signature is allowed on a grievance.

16.2    Your grievance will be investigated and answered, in writing, within 72 hours of the time it is received, excluding weekends and holidays. Grievances are first answered by the appropriate staff at the lowest level in the chain of command.

16.3    If you are not satisfied with the first answer to your grievance, you may send a grievance to the next higher command level (attach a copy of the first grievance). You may continue to send it through the chain of command, up to the Sheriff, who will make the final decision.

16.4    We will not take any negative action against you because you file a grievance.

(Exhibit A, Supplemental Affidavit of Cary Torbert, Jr., "Torbert supp. aff. ¶ 2.) Copies of all request forms, including grievance request forms, are placed in the inmate's "Inmate File." (Ex. A, Torbert supp. aff. ¶ 3.) There are no request forms or grievances in the Plaintiff's inmate file regarding the food service in the Lee County Detention Center. (Ex. A, Torbert supp. aff. ¶ 4; Exhibit 1 to Torbert supp. aff., Inmate File[2]) There are several request forms regarding various other issues in the Plaintiff's inmate file. Therefore, it is clear that the Plaintiff understood how to file a request form and was familiar with and therefore, able to file request forms. (Ex. A, Torbert supp. aff. ¶ 5.)

---

[2] A copy of the Plaintiff's entire Inmate File is attached hereto as Exhibit 1 to this affidavit. (Torbert supp. aff. ¶ 3.)

2

### III. EVEN IF THE PLAINTIFF'S ALLEGATIONS ARE TAKEN AS TRUE, HIS CLAIMS ARE STILL DUE TO BE DISMISSED.

The Plaintiff has failed to allege a violation of his constitutional rights. "The Constitution requires that prisoners be provided 'reasonably adequate food.' 'A well-balanced meal, containing sufficient nutritional value to preserve health, is all that is required.' The fact that the food occasionally contains foreign objects or sometimes is served cold, while unpleasant, does not amount to a constitutional deprivation." Hamm v. DeKalb County, 774 F.2d 1567, 1575 (11th Cir. 1985) (internal citations omitted). The Defendants have presented conclusive evidence that their food service more than meets constitutional standards. However, even if Plaintiff's allegations are believed, they are, at most, unpleasant, but do not amount to a constitutional deprivation. For example, the Plaintiff states that the "bean count" is 17-20 beans per tray – an allegation that clearly cannot support his claim that his food was inadequate and would, in fact, tend to prove that he is being fed well. Therefore, even if the Plaintiff's allegations are taken to be true, the Plaintiff's Complaint is due to be dismissed.

Respectfully submitted this 17th day of February, 2006.

                        **s/Amanda Kay Morgan**
                        KELLY GALLOPS DAVIDSON Bar No. DAV123
                        ASHLEY HAWKINS FREEMAN Bar No. FRE044
                        AMANDA KAY MORGAN Bar No. ALL079
                        Attorneys for Defendants
                        WEBB & ELEY, P.C.
                        7475 Halcyon Pointe Drive (36117)
                        Post Office Box 240909
                        Montgomery, Alabama  36124
                        Telephone:  (334) 262-1850
                        Fax:  (334) 262-1889
                        E-mail:  amorgan@webbeley.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on this the 17th day of February, 2006, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and that I have mailed a true and correct copy of the foregoing by United States Mail, postage prepaid, to the following non-CM/ECF participant:

      Matthew Shawn McVeigh
      Lee County Detention Center
      PO Box 2407
      Opelika, AL 36804

      **s/Amanda Kay Morgan**
      OF COUNSEL